IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
OCT 14 2014
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14 CR 00242 |
| | ) | Honorable Joan H. Lefkow |
| MATTHEW STOEN, | ) | Magistrate Geraldine Soat Brown |
| | ) | |
| Defendant. | ) | |

## MOTION TO UNSEAL STOEN'S FINANCIAL AFFIDAVIT

NOW COMES Devonshire Partners, LLC ("Devonshire") and Kent C. Roberts ("Roberts"), by and through their attorney, Michael R. Collins of the firm of COLLINS & COLLINS and as their motion to unseal the Financial Affidavit of Matthew Stoen ("Stoen"), state as follows:

1. Devonshire has an outstanding judgment against Stoen together with accrued judgment interest in the amount of $174,942.68 through September 23, 2014 entered in *Devonshire Partners, LLC v. Matthew Stoen,* Case No. 08 L 9618 in the Circuit Court of Cook County, Illinois on January 11, 2010.

2. Roberts has an outstanding judgment against Stoen together with accrued judgment interest in the amount of $244,919.73 through September 23, 2014 entered in *Kent C. Roberts v. Matthew Stoen,* Case No. 08 L 9704 in the Circuit Court of Cook County, Illinois on January 11, 2010.

3. On January 14, 2010 both Roberts and Devonshire issued and served upon Stoen Citations to Discover Assets pursuant to the Illinois Code of Civil Procedure and Illinois Supreme Court Rules.

4. On September 23, 2014 and again on October 1, 2014 Roberts and Devonshire served a Citation to Discover Assets on Jack Friedlander, Stoen's attorney in the instant case. Friedlander appeared for Stoen on September 17, 2014 after the Court denied Stoen's request for appointed counsel.

5. The purpose of a citation to discover assets is to allow a judgment creditor to examine the judgment debtor or any other person to discover assets or income of the debtor not exempt from the enforcement of the judgment, and of compelling the application of non-exempt assets or income discovered toward the payment of the amount due under the judgment. 735 ILCS 5/2-1402.

6. Under Illinois law, the forgoing citations became liens upon Stoen's assets upon service.[1]

7. Under Illinois Supreme Court Rule 722 these citation liens remain in place until 6 months after Stoen appears pursuant to the citation or subsequent process issued to enforce the citation.[2]

---

1. 735 ILCS 5/2-1402 provides, *inter alia*:

"(m) The judgment or balance due on the judgment becomes a lien when a citation is served in accordance with subsection (a) of this Section. The lien binds nonexempt personal property, including money, choses in action, and effects of the judgment debtor as follows:
(1) When the citation is directed against the judgment debtor, upon all personal property belonging to the judgment debtor in the possession or control of the judgment debtor or which may thereafter be acquired or come due to the judgment debtor to the time of the disposition of the citation.
(2) When the citation is directed against a third party, upon all personal property belonging to the judgment debtor in the possession or control of the third party or which thereafter may be acquired or come due the judgment debtor and comes into the possession or control of the third party to the time of the disposition of the citation.
The lien established under this Section does not affect the rights of citation respondents in property prior to the service of the citation upon them and does not affect the rights of bona fide purchasers or lenders without notice of the citation. The lien is effective for the period specified by Supreme Court Rule.
This subsection (m), as added by Public Act 88-48, is a declaration of existing law."

[2] **(f) When Proceeding Terminated.** A proceeding under this rule continues until terminated by motion of the judgment creditor, order of the court, or satisfaction of the judgment, but

8.  Stoen never appeared for his citation examination. Accordingly, on February 16, 2010 the Circuit Court entered 2 separate rules against Stoen to show cause why he should not be held in contempt for his failure to appear for his citation examinations ("Rules").

9.  These Rules were served upon Stoen.

10. When he failed to appear for the Rules, on May 26, 2010 the Circuit Court found Stoen to be in contempt and it issued Body Attachments against Stoen setting bond at $100,000.

11. These Body Attachments remain outstanding and have not been returned since Stoen moved out of Illinois.

12. Friedlander answered the citation served upon him claiming that he had none of Stoen's funds. However, Friedlander he attached documents showing that he receive $50,000 as a "general retainer" on September 17, 2014. He also produced a fee contract signed by Stoen promising him a $200,000 general retainer and setting forth hourly rates of $700 per hour or office time and $750 per hour for his court time.

13. Despite the request in the Citation directed to him for Stoen's Financial Affidavit filed in this criminal case, Friedlander did not produce it.

14. The Movants informed Friedlander on October 1, 2014 of their outstanding citations against Stoen and their lien rights in all of Stoen's non-exempt assets. Friedlander is required under Illinois law to hold any funds of Stoen that are subject to the Movants' citation liens. Movants assert that any funds Stoen's funds remaining in his hands or transferred to him in the future are subject to their citation liens against Stoen.

---

terminates automatically 6 months from the date of (1) the respondent's first personal appearance pursuant to the citation or (2) the respondent's first personal appearance pursuant to subsequent process issued to enforce the citation, whichever is sooner. The court may, however, grant extensions beyond the 6 months, as justice may require. Orders for the payment of money continue in effect notwithstanding the termination of the proceedings until the judgment is satisfied or the court orders otherwise. IL R S CT Rule 277

15. In this case on May 20, 2014 the court appointed Stoen a lawyer from the Federal Defender Panel subject to his submission and review of a Financial Affidavit.

16. Also on May 20, 2014, the PACER Docket shows that Magistrate Brown reviewed Stoen's Financial Affidavit and found, based upon the affidavit, that Stoen was not entitled to appointed counsel.

17. Without any evidence of a motion or written order being made to seal the Financial Affidavit or to claim that it impinged upon Stoen's rights in any way, the Financial Affidavit was placed in PACER under seal. (See: LR26.2 Restricted Documents. Documents can be restricted only by written order or rule).

18. There is no indication from the PACER docket that Stoen requested or moved that the Financial Affidavit be placed under seal. Likewise, there is no indication in the record that the Financial Affidavit impinges upon Stoen's Fifth Amendment right or right to counsel.

19. Nothing in the Criminal Justice Act of 1964, 18 U.S.C. § 3006A, ("CJA") requires the Financial Affidavit to be sealed. *US v. Ponzo*, 2012 WL 28065.

20. Nothing in the Local Rule of the Northern District of Illinois indicates that a Financial Affidavit is automatically a sealed document. (See: LR83.36 Appointment Proceedures and LR3.3(2) Payment of Fees in Advance; In Forma Pauperis Matters; Sanctions).

21. The Northern District's Financial Affidavit Form, **Ex. A** attached hereto, asks only questions regarding financial matters and it is directly on point with questions that are appropriate in a citation examination.

22. The Movants and the Illinois State Courts have a strong interest in being able to obtain and review the financial affidavit. The Movants' rights include the right to examine Stoen, under oath, regarding his assets and liabilities, which it exactly what the Financial

Affidavit does. Further, Stoen removed himself from Illinois and he is actively concealing his assets from his creditors.

23. Had Stoen made a motion to seal his Financial Affidavit in support for his request for counsel, the Court was free to deny it. *United States v Madrzyk,* 990 F Supp 1004, 1007 (ND Ill 1998).

24. In *United States v Clemons*, No. 02 CR 943, 2002 WL 31307429 (ND Ill October 15, 2002) the court made no bones about disclosing the contents of the Financial Affidavit in its opinion denying appointed counsel to the defendant.

25. Stoen's reaction to the citation issued against Friedlander has been continued defiance. In particular, Stoen sent an email to Roberts threatening to make bogus complaints to the Securities and Exchange Commission against Roberts if he did not withdraw the citation. See Email attached hereto as **Exhibit B**.

26. Stoen continues to evade the body attachment and to conceal his assets from his creditors. He ought not to be allowed to use these proceedings to continue to do so.

By: /s/ Michael R. Collins
One of Movants' Attorneys

Michael R. Collins
COLLINS & COLLINS
8 South Michigan Avenue, Suite 1414
Chicago, IL 60603
(312) 201-8700
Attorney No.: 02226

Affidavit does. Further, Stoen removed himself from Illinois and he is actively concealing his assets from his creditors.

23. Had Stoen made a motion to seal his Financial Affidavit in support for his request for counsel, the Court was free to deny it. *United States v Madrzyk,* 990 F Supp 1004, 1007 (ND Ill 1998).

24. In *United States v Clemons*, No. 02 CR 943, 2002 WL 31307429 (ND Ill October 15, 2002) the court made no bones about disclosing the contents of the Financial Affidavit in its opinion denying appointed counsel to the defendant.

25. Stoen's reaction to the citation issued against Friedlander has been continued defiance. In particular, Stoen sent an email to Roberts threatening to make bogus complaints to the Securities and Exchange Commission against Roberts if he did not withdraw the citation. See Email attached hereto as **Exhibit B**.

26. Stoen continues to evade the body attachment and to conceal his assets from his creditors. He ought not to be allowed to use these proceedings to continue to do so.

By: _____
Michael R. Collins
One of Movants' Attorneys

Michael R. Collins
COLLINS & COLLINS
8 South Michigan Avenue, Suite 1414
Chicago, IL 60603
(312) 201-8700
Attorney No.: 02226

5

Exhibit A

03/12/14

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

**IN FORMA PAUPERIS APPLICATION
AND
FINANCIAL AFFIDAVIT**

_____,
Plaintiff

v.

Case Number: _____

_____,
Defendant(s)

Judge: _____

***Instructions:*** Please answer every question. Do not leave any blanks. If the answer is "none" or "not applicable (N/A)," write that response. Wherever a box is included, place a ✓ in whichever box applies. If you need more space to answer a question or to explain your answer, attach an additional page that refers to each such question by number and provide the additional information. Please print or type your answers.

***Application:*** I, _____, declare that I am the ☐ plaintiff ☐ petitioner ☐ movant ☐ (other _____) in the above-entitled case. This affidavit constitutes my application ☐ to proceed without full prepayment of fees, or ☐ in support of my motion for appointment of counsel, or ☐ both. I declare that I am unable to pay the costs of these proceedings, and I believe that I am entitled to the relief sought in the complaint/petition/motion/appeal. In support of my application, I answer the following questions <u>under penalty of perjury</u>.

1. Are you currently incarcerated? ☐ Yes ☐ No
   (If "No," go to Question 2)
   I.D. #: _____ Name of prison or jail: _____
   Do you receive any payment from the institution? ☐ Yes ☐ No
   Monthly amount: _____

2. Are you currently employed? ☐ Yes ☐ No
   a. If the answer is "*yes*," state your:
      *Monthly* salary or wages: _____
      Name and address of employer: _____
      _____

   b. If the answer is "*no*," state your:
      Beginning and ending dates of last employment: _____
      *Last monthly* salary or wages: _____
      Name and address of last employer: _____
      _____

3. Are you married? ☐Yes ☐No
   If the answer is "yes," is your spouse currently employed? ☐Yes ☐No
   Spouse's *monthly* salary or wages: _____
   Name and address of spouse's employer: _____
   _____

4. In addition to your income stated above in response to Question 2 (which you should not repeat here), *have you or anyone else living at the same residence* received more than $200 in the past twelve months from any of the following sources? Mark a ✓ next to "Yes" or "No" in each of the categories a. through g, check all boxes that apply in each category, and fill in the twelve-month total in each category.

   a. ☐ Salary or ☐ wages ☐Yes ☐No
      Total received in the last 12 months:_____
      Received by: _____

   b. ☐ Business, ☐ profession or ☐ other self-employment ☐Yes ☐No
      Total received in the last 12 months:_____
      Received by: _____

   c. ☐ Rental income, ☐ interest or ☐ dividends ☐Yes ☐No
      Total received in the last 12 months:_____
      Received by: _____

   d. ☐Pensions, ☐ social security, ☐annuities, ☐life insurance, ☐disability, ☐workers' compensation, ☐ alimony or maintenance or ☐ child support
      ☐Yes ☐No
      Total received in the last 12 months:_____
      Received by: _____

   e. ☐ Gifts or ☐ inheritances ☐Yes ☐No
      Total received in the last 12 months:_____
      Received by: _____

   f. ☐ Unemployment, ☐ welfare or ☐ any other public assistance
      ☐Yes ☐No
      Total received in the last 12 months:_____
      Received by: _____

   g. ☐ Any other sources (describe source:_____) ☐Yes ☐No
      Total received in the last 12 months:_____
      Received by: _____

5. Do *you or anyone else living at the same residence* have more than $200 in cash or checking or savings accounts? ☐Yes ☐No
   Total amount: _____
   In whose name held: _____ Relationship to you: _____

6. Do *you or anyone else living at the same residence* own any stocks, bonds, securities or other financial instruments? ☐Yes ☐No
   Property: _____ Current value: _____
   In whose name held: _____ Relationship to you: _____

7. Do *you or anyone else living at the same residence* own any real estate (with or without a mortgage)? Real estate includes, among other things, a house, apartment, condominium, cooperative, two-flat, etc. ☐Yes ☐No
   Type of property and address: _____
   Current value: _____ Equity: _____ (Equity is the difference between what the property is worth and the amount you owe on it.)
   In whose name held: _____ Relationship to you: _____
   Amount of monthly mortgage or loan payments: _____
   Name of person making payments: _____

8. Do *you or anyone else living at the same residence* own any automobiles with a current market value of more than $1000? ☐Yes ☐No
   Year, make and model: _____
   Current value: _____ Equity: _____ (Equity is the difference between what the automobile is worth and the amount you owe on it.)
   Amount of monthly loan payments: _____
   In whose name held: _____ Relationship to you: _____
   Name of person making payments: _____

9. Do *you or anyone else living at the same residence* own any boats, trailers, mobile homes or other items of personal property with a current market value of more than $1000?
   ☐Yes ☐No
   Property: _____
   Current value: _____ Equity: _____ (Equity is the difference between what the property is worth and the amount you owe on it.)
   Amount of monthly loan payments: _____
   In whose name held: _____ Relationship to you: _____
   Name of person making payments: _____

10. List the persons *who live with you* who are dependent on you for support. State your relationship to each person and state whether you are entirely responsible for the person's support or the specific monthly amount you contribute to his or her support. If none, check here: ☐None.
    _____
    _____

11. List the persons *who do not live with you* who are dependent on you for support. State your relationship to each person and state how much you contribute monthly to his or her support. If none, check here: ☐None.
    _____
    _____

I declare under penalty of perjury that the above information is true and correct. I understand that 28 U.S.C. § 1915(e)(2)(A) states that the court shall dismiss this case at any time if the court determines that my allegation of poverty is untrue.

Date: _____      _____
                                    Signature of Applicant

                                    _____
                                    (Print Name)

**NOTICE TO PRISONERS:** <u>In addition to the Certificate below, a prisoner must also attach a print-out from the institution(s) where he or she has been in custody during the last six months showing all receipts, expenditures and balances in the prisoner's prison or jail trust fund accounts during that period.</u> Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account – prepared by <u>each</u> <u>institution</u> where you have been in custody during that six-month period. As already stated, you must also have the Certificate below completed by an authorized officer at each institution.

**CERTIFICATE**
**(Incarcerated applicants only)**
**(To be completed by the institution of incarceration)**

I certify that the applicant named herein, _____, I.D.#_____, has the sum of $ _____ on account to his/her credit at (name of institution) _____. I further certify that the applicant has the following securities to his/her credit: _____. I further certify that during the past six months the applicant's average monthly deposit was $ _____. (<u>Add</u> all deposits from all sources and then <u>divide</u> by number of months).

_____      _____
Date                                Signature of Authorized Officer

                                    _____
                                    (Print Name)

Exhibit B

# Mike3331731

| | |
|---|---|
| **From:** | Rick Roberts |
| **Sent:** | Saturday, October 11, 2014 8:19 PM |
| **To:** | George Dougherty; Mike Collins |
| **Cc:** | Charles Reynolds |
| **Subject:** | Fwd: reality |

More nonsense from Mrs Stoen. I don't have his phone number, or I'd call and remind him that we went through the proper process and have a judgment against him that remains outstanding. It's news to me that Charles is my brother in law.

FYI.

Rick Roberts
626.344.5225 c
626.304.9354 o

Begin forwarded message:

> **From:** Matthew Stoen <matthewstoen@me.com>
> **Date:** October 10, 2014 at 10:27:39 PM PDT
> **To:** Rick Roberts <rrcjeo@yahoo.com>
> **Subject: reality**
>
> you and your brother in law were paying an unlicensed broker fees......and the SEC should know it. Keep it up with Collins. I can help them punish you. Charles Reynolds IS your wife's sister's husband, right? so you used First Quad $ to flow through Devonshire, that ultimately paid your brother-in-law commissions, that then paid you and bill? Interesting.
>
> I DIDN'T TAKE A FUCKING **DIME** OF YOUR MONEY!!!!!
>
> You have 1 day to fix this and call me.

1