UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| VS. | ) Case No. 14 CR 00242 |
| | ) |
| MATTHEW STOEN | ) Honorable Judge Joan H. Lefkow |

## MATTHEW STOEN'S OBJECTION AND RESPONSE IN OPPOSITION TO MOTION TO UNSEAL STOEN'S FINANCIAL AFFIDAVIT

NOW COMES the Defendant, Matthew Stoen, by and through his attorney Jack Friedlander, and hereby objects to the Motion to Unseal Stoen's Financial Affidavit. Stoen respectfully urges the Court to DENY this motion and hereby states as follows:

1. An individual defendant's right to counsel includes the opportunity, when applicable, to apply for *in forma pauperis* status and appointment of counsel. In contemplation of this right and this process, it cannot be said that it is reasonable to expect the underlying disclosures to be made public.

2. Stoen's Fifth Amendment rights, as well as his rights to privacy, effective assistance of counsel, and a fair trial are all implicated and would be violated if the movants' request was granted.

3. In fact, it is worth noting preliminarily that the cases relied upon by movants in their motion are misplaced and mischaracterized. In citing the *Clemons* case (*United States v. Clemons*, No. 02 CR 943, 2002 WL 31307429 (ND Ill October 15, 2002), the movant represents and

    misconstrues the opinion, arguing that the case stands for a proposition that the court made "no bones about" disclosing financial information. Yet, in *Clemons*, there was absolutely no objection to the disclosure and no issue raised about confidentiality, disclosure or any other issues even peripherally similar to the issue at bar here. In *Clemons,* the court did disclose the incomes of the defendants, but there were no objections noted, and no constitutional or other implications addressed. As such, the court in *Clemons* did not discuss the issue at all. The use of *Clemons* is misplaced and misleading here.

4.  Likewise, in *Ponzo (United States v. Ponzo,* 2012 WL 28065*)*, which is a Massachusetts District Court case, the movant cited it for the proposition that there is no requirement that a financial affidavit be retained under seal. While this is technically accurate, there is more to the issue and movant's use of this case too is misleading. Indeed, in *Ponzo*, the issue at hand was that the defendant faced criminal charges and filed a motion for appointment of counsel along with a financial affidavit under seal. That application and affidavit was signed under threat of perjury. Subsequent to submitting this application and affidavit, the government raided Ponzo's home and found a hidden safe containing thousands of dollars in cash, and the government suspected that due to the hidden nature of the cash, Ponzo had hidden these assets and lied on his application/affidavit. The government sought to charge him with perjury, but due to the fact

that the affidavit was sealed, the government, for law enforcement purposes, sought its disclosure. The instant case is very different.

5. In the instant case, the movant here seeks the information for a fishing expedition as part of separate, corollary civil litigation. Clearly, in following the standard local practice of filing the financial affidavit under seal, Stoen did not reasonably foresee the possible disclosure of the document and did not know until now that this would be an issue. However, it clearly implicates numerous constitutional rights.

6. Moreover it must be noted that, in the *Ponzo* case, cited by movant, it explicitly states:
   > The statute is silent about disclosure of documents demonstrating a defendant's financial eligibility for CJA status. However, the Administrative Office of the United States Courts ("Administrative Office"), under the direction of the Judicial Conference, has issued interpretive guidelines to assist the courts in applying the CJA, see Administrative Office of the United States Courts, Guide to Judiciary Policies and Procedures, Vol. 7 Pt. A ("AO Guide"). The AO Guide provides, in pertinent part, that as a general principle such information should be made available to the public:
   > Generally, such information which is not otherwise routinely available to the public should be made available unless it:
   >
   > (a) is judicially placed under seal;
   >
   > (b) could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants;
   >
   > (c) could reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources; or

    (d) otherwise adversely affect the defendant's right to the effective assistance of counsel, a fair trial, or an impartial adjudication.

    Id., at §510.30

7. In the case at bar, subsections (b), (c), and (d) are clearly implicated. To the extent that this Court deems it necessary, Stoen also hereby moves to have the document judicially placed under seal as referenced in subsection (a). Insofar as the other considerations are concerned, each is addressed in turn:

<u>Subsection (b): could reasonably be expected to unduly intrude upon the privacy of attorneys or defendants</u>

8. It is clear that disclosure would unduly intrude upon the privacy of defendant. Disclosure here would be overbroad and beyond what would ordinarily be provided to movants as part of the litigation in that matter. To use this method - piercing the rights of counsel and self-incrimination - is wholly inappropriate.

<u>Subsection (c): could reasonably be expected to compromise defense strategies, investigative procedures, attorney work product, the attorney-client relationship or privileged information provided by the defendant or other sources</u>

9. Likewise, the Fifth Amendment is implicated here. Defendants must be afforded the opportunity to seek appointed counsel without fear of disclosure of facts that could trigger a violation of a privilege. Here, specifically, the information sought is part of a fishing expedition by movants that is improper and does not trump the Defendant's Fifth Amendment rights. The competing interests here must weigh in favor of

protecting a defendant's Fifth Amendment right and right to counsel. It would be dangerous to set the precedent sought by movants.

*Subsection (d): otherwise adversely affect the defendant's right to the effective assistance of counsel, a fair trial, or an impartial adjudication*

10. Courts have acknowledged that one purpose of in camera review of financial disclosures is "to protect the defendant's right to a fair trial; information may be revealed which, if it becomes public, may prejudice the defense." *United States v. Ellis*, 90 F.3d 447, 11th Cir. 1996. Here, this concern exists.

11. It is clear that based upon local practice of filing sealed financial disclosures, the Administrative Guidelines, and the constitutional rights of the Defendant, this Court should err on the side of protecting the privacy, the right to counsel, the right against self-incrimination, the right to effective assistance of counsel and the other above-mentioned interests and DENY movant's request to unseal Defendant's financial disclosure.

WHEREFORE, for all the above reasons, Stoen respectfully objects to the release of his financial affidavit and requests that, in order to preserve his constitutional rights, the Motion be DENIED.

Respectfully Submitted,

/s/ Jack Friedlander
JACK FRIEDLANDER
Attorney for Defendant

JACK FRIEDLANDER - #03124962
Law Office of Jack Friedlander
Attorney for Defendant
327 S. Plymouth Court
Suite 200
Chicago, IL 60604
312-427-7700

### CERTIFICATE OF SERVICE

THIS WILL CERTIFY that on November 10, 2014, the foregoing document was filed using the Court's CM/ECF filing system, which sent notification of such filing to the following: A/USA and all other parties listed under this case in the CM/ECF system. A copy was faxed to Attorney Michael Collins at (312) 606-0234.

/s/ Stacy Gerstetter
Law Office of Jack Friedlander